### ARMSTEAD et al. v. UNION TRUST CO. OF THE DISTRICT OF COLUMBIA et al.

#### No. 5767.

Court of Appeals of the District of Columbia.

Argued Oct. 7, 1932.

Decided Oct. 31, 1932.

John U. Gardiner, of Washington, D. C., for appellants.

B. S. Minor, H. P. Gatley, A. P. Drury, G. E. Hamilton, J. J. Hamilton, G. E. Hamilton, Jr., H. R. Gower, and W. H. Holloway, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District construing the will of Albert Sewell Kenny.

Item 2 of the will directs the payment of debts and funeral expenses.

By items 3 and 7 certain specific devises and bequests are made.

Items 4, 5, and 6 bequeath pecuniary legacies as follows: To Hester Armstead, $1,000; to Emma Jackson Belt, $500; to Annie T. Smith, $500; and to Mary A. McCollom, $2,500.

Item nine reads:

"Whereas there will be found, among the securities belonging to me, certain certificates of common stock of the United States Steel Corporation; and

"Whereas there will be money due from my estate for funeral expenses, taxes, executor's fee, minor household bills, and for debts owing by me, and for certain bequests in items four, five, and six of this will,

"Now, therefore, I direct my executor to sell the certificates of stock standing in my name in the United States Steel Corporation (or such portions thereof as may be necessary), for the purposes hereinafter indicated, and to use the proceeds from such sale, together with all dividends which may be paid on all stock belonging to my estate prior to the final settlement thereof, including such stock as may be specifically bequeathed by this will, and also any balance at the time of my death standing to my credit in my checking account in the Union Trust Com-

pany, for the payment of my just debts, funeral expenses, taxes, executor's fees, minor household bills, and the pecuniary bequests heretofore designated, and after the foregoing I direct that the total residue of this fund remaining shall be given outright to my niece, Mary A. McCollom, in further recognition of her untiring devotion to my interest.

"Should there remain unsold any stock of the United States Steel Corporation, I desire the certificates transferred on the books of said corporation to my niece, Mary A. McCollom."

The testator's death occurred in 1930. By the time the executor was ready to file its final account in April, 1932, the stock directed to be sold under item 9 had so depreciated in value that there were not sufficient funds to pay all the debts, funeral expenses, taxes, executor's fee, and the pecuniary bequests in items 4, 5, and 6. Thereupon the executor filed the petition herein, seeking instruction as to whether the pecuniary legacies set out in items 4, 5, and 6 are general legacies and must abate and bear the whole burden of the deficiency in assets, or whether such legacies are demonstrative and, together with the specific legacies, abate pro rata.

The court below found and decreed that the legacies bequeathed by items 4, 5, and 6 are general and are not by item 9 converted into demonstrative legacies; that the fund directed to be created by item 9, as well as all other personal property belonging to the estate (except the specific legacies bequeathed by items three and seven), shall be first applied to the payment of the decedent's debts, funeral expenses, taxes, and administration expenses, and the amount of any deficiency to be charged against the specific legacies.

Appellants contend that the legacies bequeathed to them are demonstrative legacies.

 A legacy is general when it is so given as not to amount to a bequest of a particular thing or money, distinguished from all others of the same kind. Ordinarily a legacy of quantity is a general legacy, "but where a particular sum is given, with reference to a particular fund for payment, such legacy is denominated in the law a *demonstrative* legacy; and such legacy is so far general, and differs so materially in effect from one properly specific, that if the fund be called in or fail, or prove to be insufficient, the legatee will not be deprived of his legacy, but he will be permitted to receive it out of the general assets of the estate." Gelbach v.

Shively, 67 Md. 498, 501, 10 A. 247; Lansburgh v. Lansburgh, 59 App. D. C. 201, 37 F.(2d) 997; Kenaday v. Sinnott, 179 U. S. 606, 21 S. Ct. 233, 45 L. Ed. 339.

In Glass and wife v. Dunn, 17 Ohio St. 413, the court defined a demonstrative legacy as a bequest of a sum of money payable out of a particular fund or thing, and therefore equivalent to or in the nature of a devise or bequest of so much or such a part of the fund or thing specified. The court said: "The legacies in question were not of this description. The fund provided was not for the payment of legacies *alone*. It was for the payment of debts also. It consisted, in part, of the fund set apart by the *law* for the payment of debts and legacies, and the testator merely directed that an addition should be made to that fund by selling part of the real estate. It was a general fund, for general purposes, and not a specific fund for a specific purpose. * * * Had specified parts of the property been set apart for the payment of these legacies, and specified parts thereof to the payment of debts, the case would have been different. Then to the extent to which the fund designated for payment of legacies had been intrenched upon for payment of debts, the legatees could have compelled contribution."

 In the present case the personalty mentioned in item 9, together with the realty and personalty specifically devised and bequeathed in items 3 and 7, constituted the corpus of the estate.

Standing alone, the bequests to appellants and others in items 4, 5, and 6 clearly are general legacies; and if item 9 had been omitted from the will these bequests would have constituted a charge only against such undisposed-of property as remained after the payment of those items which under the law constitute first charges against decedent estates—debts, funeral expenses, etc. In our view it was not the testator's intention by the provisions of item 9 to change the general legacies of items 4, 5, and 6 into demonstrative legacies, whereby in the event of a deficiency in the fund established by item nine the specific legacies and the legacies under items 4, 5, and 6 would abate proportionately. By item 9 is created out of the residue of the estate a general fund for general purposes, and not a specific fund for a specific purpose. There is, therefore, no basis for appellants' contention.

Decree affirmed; costs to be taxed against the estate.

Affirmed.